UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE FEIN, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-01175-MMD-CWH<br><br>ORDER<br><br>(Defs.' Motion to Stay – dkt. no. 9)<br>Plfs.' Motion to Remand – dkt. no. 10<br>Plfs.' Motion to Expedite Decision on Plfs.'<br>Motion to Remand – dkt. no. 21) |

Before the Court are Defendants DePuy Orthopaedics, Inc.'s ("DePuy"), Johnson & Johnson Services, Inc.'s ("Johnson & Johnson"), and Precision Instruments, Inc.'s ("Precision") Motion to Stay (dkt. no. 9) and Plaintiffs Bruce and Ginger Fein's Motion to Remand (dkt. no. 10) and Motion to Expedite Decision Regarding their Motion to Remand (dkt. no. 21).

I.  **BACKGROUND**

On or about January 4, 2007, Plaintiff Bruce Fein was implanted with a hip implant manufactured by Defendant DePuy, known as the "ASR hip." (Dkt. no. 1-1 at ¶ 49.) Mr. Fein alleges that Defendant Precision was the distributor of the ASR hip. (*Id.* at ¶ 14.) Mr. Fein alleges that he subsequently suffered damages as a result of Defendants' wrongful conduct in connection with the development, design, testing, manufacture, distribution and sale of the ASR hip. Plaintiff Ginger Fein, Mr. Fein's spouse, joins Mr. Fein in his claims against Defendants and also brings one count of loss of consortium against Defendants. (Dkt. no. 1-1 at ¶ 292-295.)

On June 1, 2012, Plaintiffs filed a complaint in the Eighth Judicial District Court in Clark County, Nevada against Defendants. (Dkt. no. 1-1.) Defendants removed the action on July 3, 2012. (Dkt. no. 1.) On July 13, 2012, Defendants filed a Motion to Stay, arguing that this case will likely be transferred to the Multidistrict Litigation ("MDL") proceedings in the Northern District of Ohio before the Honorable David A. Katz, MDL No. 2197, *In re DePuy Othtopaedics, Inc., ASR Hip Implant Products Liability Litigation*, 753 F. Supp. 2d 1378 (J.P.M.L. 2010). The panel was created in response to a number of lawsuits filed against DePuy and Johnson & Johnson after DePuy initiated a voluntary recall of the ASR hip in August 2010.

On July 9, 2012, the United States Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order on this matter and thirteen similar cases filed against Defendants in the District of Nevada for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. (Dkt. no. 18-9 at 3.) Plaintiffs have filed a Motion to Vacate the Conditional Transfer Order, and the MDL panel has scheduled a hearing on Plaintiffs' Motion for September 20, 2012 (*see* dkt. no. 21-1 at ¶¶ 4-5).

On July 13, 2012, Plaintiffs filed a Motion to Remand (dkt. no. 10), arguing that this lawsuit does not meet the complete diversity requirement because Defendant Precision and Plaintiffs are all citizens of Nevada. Defendants counter that complete diversity exists because Defendant Precision was fraudulently joined. On August 10, 2012, Plaintiffs filed a Motion to Expedite Decision regarding their Motion to Remand (dkt. no. 21), asking this Court to resolve their Motion before the MDL panel hears Plaintiffs' Motion to Vacate the Panel's Conditional Transfer Order (*see* dkt. no. 21 at 3). As the Court addresses Plaintiffs' Motion over a month before said hearing, their Motion to Expedite Decision is DENIED as moot.

II.     **LEGAL STANDARD**

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its

own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

### III.    DISCUSSION

The Court concludes that granting a stay in this case promotes judicial economy, avoids the risk of inconsistent judgments and results in minimal, if any, prejudice to Plaintiff.

A stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts. The parties contest whether this case was properly removed under a theory of federal implied preemption. This same issue is currently pending in five cases currently before the MDL court and in twenty one cases (including this one) which have conditional transfer orders to the MDL court. Therefore, denying Defendants' Motion would result in significant prejudice to Defendants because they would have to endure additional discovery or motion practice, the result of which could create duplicative and potentially inconsistent obligations. *See Lopez v. Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 106132 at *6 (D. Neb. Sept. 8, 2008) ("[A]ny additional discovery or motion practice will create duplicative and potentially inconsistent obligations for the defendant."). Further, granting a stay of proceedings pending transfer to MDL 2197 promotes judicial efficiency and consistent adjudication in cases like this one, "when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." David F. Herr, Annotated Manual for Complex Litig. § 22.35 (2012); *see also Moore v. Wyeth-Ayerst Labs*, 236 F. Supp.

///

2d 509, 512 (D. Md. 2002) (granting a stay because "it furthers the goals of judicial economy and consistency").

Moreover, Plaintiffs fails to demonstrate how denying their Motion to Remand without prejudice would prejudice them.[1] Judge Katz can address Plaintiffs' Motion to Remand should the transfer order become final, and if it does not, this Court will address Plaintiffs' Motion. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.").  In fact, Defendants inform the Court that there are at least seven cases in front of the MDL panel where plaintiffs originally filed motions to remand in the transferor court, and in at least three of them the transferor court deferred deciding on the Motion to Remand in favor of a stay pending transfer.  (Dkt. no. 18 at 7-8.)  And while transfer to the MDL court will extinguish all prior motions pending in the transferor court at the time of transfer, Plaintiffs can simply re-file their Motion to Remand upon transfer.  "Allowing the transferee judge to rule on the motion to remand provides for consistent treatment of similar issues and may reduce the burden on litigants and the judiciary."  *Moore*, 236 F. Supp. 2d at 511.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Stay (dkt. no. 9) is GRANTED pending the MDL court's transfer determination.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (dkt. no. 10) is DENIED without prejudice.

///

///

///

---

[1] Notably, the Court need not decide the jurisdictional question before granting Defendants' Motion to Stay, because "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

1       IT IS FURTHER ORDERED that Plaintiffs' Motion to Expedite Decision Regarding their Motion to Remand (dkt. no. 21) is DENIED as moot.

DATED THIS 14th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE